**OHIO–SEALY MATTRESS MANUFAC-TURING CO., et al., Plaintiffs,**

v.

**Louis C. DUNCAN, et al., Defendants.**

**No. 79 C 2741.**

United States District Court,
N. D. Illinois, E. D.

July 16, 1982.

See also, D.C., 548 F.Supp. 75.

(1980).

Frederick F. Brace, Jr., William H. Tobin, Sidley & Austin, Chicago, Ill., for plaintiff.

Howard Koven, Phil C. Neal, Friedman & Koven, John H. Matheson, Hedlund, Hunter & Lynch, Max Wildman, Wildman, Harrold, Allen & Dixon, Henry S. Kaplan, Dressler, Goldsmith, Shore, Sutker & Milnamow, Robert H. Joyce, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Fred B. Miller, Portland, Or., Louis B. Garippo, Thomas J. Campbell, Winston & Strawn, James E. Hastings, Chadwell, Kayser, Ruggles, McGee & Hastings, Stanley B. Block, Vedder, Price, Kaufman & Kammholz, Samuel Weisbard, McDermott, Will & Emery, Edward I. Rothschild, Rothschild, Barry & Myers, Richard K. Wray, Arnstein, Gluck, Weitzenfeld & Minow, Eli E. Fink, Fink, Coff & Stern, Albert D. Jenner, Jr., Jenner & Block, Michael W. Coffield, Gregory A. Friedman, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is presently before the Court on defendants' motion for a protective order pursuant to Fed.R.Civ.P. 26(c) providing that certain depositions noticed by plaintiffs in this case not be permitted to be taken as scheduled. For the reasons set forth below, defendants' motion will be granted in part.

On May 25, 1982, this Court granted defendants' motion in *Ohio-Sealy Mattress Manufacturing Company v. Kaplan,* 545 F.Supp. 765 (1982), requesting that the depositions of five individuals noticed by plaintiffs in that case not be conducted as scheduled. The allegations in the 1976 *Kaplan* case were and are the subject of intensive formalized settlement negotiations between the parties, and the Court refused to allow the noticed depositions to go forward in accordance with its earlier statements to the effect that discovery in that case would be stayed until and unless the settlement discussions prove fruitless. In addition, the Court was prepared to issue a rather lengthy opinion resolving several of the issues in the *Kaplan* case which might have rendered the depositions unnecessary. That opinion will be released within the next few days.

Undaunted, the plaintiffs immediately renoticed the five depositions they initially sought in the *Kaplan* case. This time, however, the notices provided that the depositions were to be taken within the context of the related 1979 *Duncan* case rather than the 1976 *Kaplan* case in which discovery had been stayed.[1] It would thus appear that plaintiffs are attempting to accomplish indirectly in the *Duncan* case what they had been prevented from doing in the *Kaplan* case by this Court's earlier rulings.

■ It is well settled that federal courts enjoy broad discretionary powers over the conduct of pre-trial discovery and both courts and commentators have recognized that active judicial management and control over the pre-trial process is essential in complex antitrust cases such as the related cases at bar. *See, e.g., United States v. American Telephone & Telegraph Co.,* 83 F.R.D. 323, 327 (D.C.Cir.1979); *Manual for*

---

1. It is not unreasonable or overly-optimistic to anticipate that if the parties are successful in settling the 1976 *Kaplan* case, rendering moot any proposed discovery therein, that the prospects will be good that any related issues in the 1979 *Duncan* case will settle, obviating the need for similar discovery.

*Complex Litigation* at § 1.10 (5th ed. 1981). Thus, it is within the Court's discretion to stay *all* discovery in the 1979 *Duncan* case, which involves many of the same issues as the 1976 *Kaplan* case in a different temporal context, until the *Kaplan* case is resolved.

We decline to take that approach at this juncture, however. Instead, for reasons of sound, efficient judicial administration and in order to prevent undue burden or expense, the Court will permit discovery in the 1979 *Duncan* case, including the depositions already noticed by plaintiffs, provided that the discovery in the 1979 case does not involve matters that come within the temporal scope of the 1976 case, *see Ohio-Sealy Mattress Manufacturing Company v. Kaplan*, 90 F.R.D. 40 (N.D.Ill.1981), or the issues involved in that case as framed by the pleadings.[2]

Accordingly, defendants' motion for a protective order is granted in part and discovery shall proceed consistent with the terms of this opinion and order. It is so ordered.

---

2. Although defendants initially objected to the plaintiffs taking the deposition of Roger Nolan, Sealy, Inc.'s house counsel, they have apparently withdrawn their objection, subject to agreeing on a mutually-agreeable date and provided that none of the matters upon Mr. Nolan will be deposed are covered by the attorney-client or work product doctrines. The scope of that deposition shall also be limited by the terms of the instant opinion and order.